UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
  OSVALDO MELGAR,                                :

                                                          :   **MEMORANDUM DECISION AND**
                                                          :   **ORDER TO SHOW CAUSE**
                        Plaintiff,       :
                                                          :   23-cv-917 (BMC)
            - against -                :
                                                          :
  PIE CHATACH 1776 LLC d/b/a PESCADA,  :
  ROVI COHEN, and DAN MIZRACHI,      :
                                                           :
                                                           :
                           Defendants.   :
-------------------------------------------------------------- X

**COGAN**, District Judge.

    Plaintiff, a former food runner at defendants' restaurant, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, alleging that his employer and its managing owners failed to pay him overtime. That is one claim. There are six other claims in plaintiff's proposed amended complaint. Invoking this Court's supplemental jurisdiction, those claims are brought under the New York Labor Law and New York City law for that same failure to pay overtime, plus failure to provide notice of his rate of pay, tip credit, and pay day; unpaid spread-of-hours premium; failure to pay an hourly rate; denial of sick leave; and improper withholding of tips.

    The Court previously issued an Order requiring plaintiff to show cause why his state law claim for failure to provide a time-of-hire notice and pay period wage statements (NYLL § 195(1) and (3)) should not be dismissed for lack of standing. Plaintiff has responded and proposed an amended complaint to strengthen his standing argument, but for the reasons described below, the Court is not convinced. Moreover, as can be seen from the description above, even if the Court had subject matter jurisdiction over this notice and statement claim, that

and the other state and city law claims in this case so completely overshadow the single FLSA overtime claim that the Court is disinclined to exercise its supplemental jurisdiction. Accordingly, plaintiff will be ORDERED TO SHOW CAUSE why the state and city law claims should not be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

I.      **Standing as to the NYLL § 195(1) and (3) claim**

Several decisions in this district, including one from this Court, have held that the statutory damage remedies in NYLL § 195(1) and (3) do not support standing in federal court when a plaintiff relies only on the right to receive statutory damages rather than having suffered a financial injury. See, e.g., Guthrie v. Rainbow Fencing Inc., No. 21-cv-5929, 2023 WL 2206568, at *5 (E.D.N.Y. Feb. 24, 2023); Deng v. Frequency Elecs., Inc., No. 21-cv-6081, 2022 WL 16923999, at *8 (E.D.N.Y. Nov. 14, 2022); Sevilla v. House of Salads One LLC, No. 20-cv-6072, 2022 WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022); Wang v. XBB, Inc., No. 18-cv-7341, 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022); but see Metcalf v. TransPerfect Translations Int'l, Inc., No. 19-cv-10104, 2023 WL 2674743, at *6 (S.D.N.Y. Mar. 29, 2023). Plaintiff seeks to distinguish these authorities in two ways.

First, plaintiff argues that at least some of these decisions were issued *sua sponte* without an opportunity to be heard from the plaintiff. That is a factor worth considering but since the Court agrees with the analysis in those decisions, it is of no more importance than the fact that none of them are controlling authorities in any event. This Court's decision in Deng was not *sua sponte*, but on a defendant's motion to dismiss, and the Court remains of the view that it was correctly decided.

Second, plaintiff attempts to distinguish the allegations in his proposed amended complaint from other cases that have addressed the issue. Plaintiff has advanced a theory to

show how defendants' failure to provide a time-of-hire notice and wage statements caused him to sustain concrete harm. He reasons that *if* defendants had given him the notice and wage statements, that notice and those statements *would have* informed him that he was not being paid overtime. Enlightened by that knowledge, plaintiff then *would have* demanded his overtime. Having made such a demand, defendants *would have* then paid him his overtime, and plaintiff *would have* avoided the injury he suffered by the failure to pay overtime. Based on the assumption that had these things happened, he would have been paid overtime, plaintiff argues that he was also deprived of the time value of money. Thus, plaintiff argues, he has suffered more than one actual and concrete injury. See TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021).

These hypothetical injuries are not what the Supreme Court means by "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992); see also Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016). Who knows what would have happened if defendants had given the required notice and statements? The most likely scenario is that plaintiff would have just kept getting paid the way he was as such notice and statements would have merely confirmed the amount of money he actually received. Maybe the chain of events would have unfolded the way plaintiff predicts, but there is no reason to think so.

For this reason, plaintiff's standing theory for this claim does not cross the line from "possible" to "plausible" under Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The constitutional minimum of standing comprises three elements: "(1) that the plaintiff suffered personal injury or threat of injury [('injury')]; (2) that the injury fairly can be traced to the action challenged ('causation'); and (3) that the injury is

3

likely to be redressed by the requested relief ('redressability')." Fund for Animals v. Babbitt, 89 F.3d 128, 134 (2d Cir. 1996). A plaintiff must establish these elements "for each claim he seeks to press." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 335 (2006). None of these requirements are met here as to the § 195(1) and (3) claim.

An actual and concrete injury requires more than speculation and conjecture about what would have happened if several contingencies, none of which seem particularly likely, had materialized. The injury that plaintiff received by defendant's failure to pay him overtime is not an injury he sustained because of the lack of a notice and wage statements; it is because his employer violated its obligation to pay overtime under other, express requirements of federal, state, and city law. It is the violation of those statutes to which his injury is "fairly traceable." Indeed, the fact that the New York legislature enacted so many actual damage statutes in the Labor Law (*e.g.*, minimum wage, overtime, spread-of-hours, time of payment, liquidated damages), but limited the recovery in § 195(1) and (3) to statutory damages with a cap, suggests its recognition that the statute was not even designed to address actual damages.

The § 195(1) and (3) claim is dismissed for lack of standing.

## II.     Supplemental jurisdiction

Under 28 U.S.C. § 1367(c)(2), a district court that has supplemental jurisdiction over state law claims may decline, as a matter of discretion, to exercise that jurisdiction if "the [state law] claim[s] substantially predominate[] over the claim or claims over which the district court has original jurisdiction."

Even without regard to the dismissal of the § 195(1) and (3) claim, the FLSA has almost nothing to do with the state law claims plaintiff has brought. The FLSA merely appears to be a

jurisdictional lynchpin, enabling plaintiff to get his state law claims into federal court. This is not a collective action under the FLSA; the overtime rate is supplied by state, not federal law; and the five other state and city claims that plaintiff brings have no counterparts in the FLSA. Indeed, at least as to plaintiff's sick leave claim and possibly others, it is not even clear that this Court has any supplemental jurisdiction, as some of the claims may not even be deemed to arise out of the same transaction or occurrence as plaintiff's overtime claim.

The Second Circuit has cautioned district courts to avoid delay in confronting the issue of what to do when the FLSA serves only as a jurisictional placeholder for what is really a NYLL case. See Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 86 (2d Cir. 2018). Plaintiff is therefore ORDERED TO SHOW CAUSE within 14 days of the entry of this decision why this Court should not decline to exercise supplemental jurisdiction over his state and city law claims.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       April 10, 2023

5